48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mary Karin BERGLUND, Plaintiff-Appellant,
v.
FARM CREDIT SERVICES, et al., Defendants-Appellees.
 No. 93-2820.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Mary Karin Berglund filed a motion for temporary restraining order against numerous individuals and businesses in connection with the ownership and operation of her family's farm, which was involved in bankruptcy proceedings and auctioning of real and personal property. Plaintiff's allegations are diverse and confusing, but she apparently asks that the federal court enjoin state courts from conducting various proceedings. The district court properly found that under the Rooker-Feldman doctrine, no federal subject matter jurisdiction exists because plaintiff is attempting to use a federal court to obtain collateral relief from a state court's civil judgment. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Plaintiff's only recourse is to seek review in the appropriate forum and then to appeal to the United States Supreme Court.
 
 
 2
 To the extent that plaintiff may be attempting to challenge the bankruptcy action, she must seek relief in the Bankruptcy Court for the Central District of Illinois. The district court properly found that it had no appellate jurisdiction over the ruling or decisions and no supervision over the Bankruptcy Court.
 
 
 3
 The appeal is therefore DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record